J-S07017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.F., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.R.F., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1046 WDA 2020 |

Appeal from the Order Entered August 24, 2020
In the Court of Common Pleas of Indiana County Civil Division at No(s):
CP-32-DP-0000032-2020


BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 17, 2021**

Appellant, E.R.F. ("Father"), appeals from the August 24, 2020 Order which adjudicated his son, J.F. ("Child"), dependent and ordered Child to remain in placement.  Upon review, we affirm.

The relevant procedural and factual history is as follows.  In March 2020, Indiana County Children and Youth Services ("Agency") received reports that fourteen-year-old Child experienced emotional and physical abuse in Father's care.  The reports included allegations that Father was stockpiling supplies to prepare for the end of the world, believed then-President Trump was the anti-Christ, threatened to kill Child and family members if Child called police, hit Child after learning that Child did not share Father's views, forced Child to watch internet videos about the end of the world, and demanded that Child sit naked in a bathtub with permethrin—an insecticide—twice a day.  On March 13, 2020, when the Agency and Pennsylvania State Police investigated

Father's home, they observed numerous firearms, helmets, bullet proof vests, large quantities of food, and other survival items. Father agreed to sign a safety plan, and the Agency placed Child with a family friend. On May 5, 2020, when the family friend was no longer a placement resource, Father signed a voluntary placement agreement and the Agency placed Child in foster care.

The Agency filed a Dependency Petition on May 29, 2020, and on August 20, 2020, after multiple continuances, the court held a hearing on the Petition. The Agency presented testimony from Lori Marshall, Agency case work supervisor. Ms. Marshall informed the court that, upon Agency investigation, the report of emotional abuse was indicated, but the report of physical abuse was unfounded. She recommended that the trial court adjudicate Child dependent, that Child remain in placement, and that the family participate in recommended services, including individual and family counseling. Father's counsel did not present any evidence or testimony and stated on the record that Father agreed with the Agency's recommendations. The trial court adjudicated Child dependent and awarded the Agency legal and physical custody of Child.[1]

Father filed a timely *pro se* Notice of Appeal and Pa.R.A.P. 1925(b) Statement, prompting this Court to order Father's court-appointed counsel to file a counseled Rule 1925(b) Statement. Counsel complied, and the trial court filed a responsive Rule 1925(a) Opinion.

---

[1] Child's mother, A.D., also agreed to adjudicate Child dependent; she is not a party to this appeal.

In his counseled Brief, Father raises the following issues for our review:

A. Whether the [] Agency failed to prove by clear and convincing evidence that [] Child is without proper care or control necessary for [] Child's physical, mental or emotional health or morals as required by [42 Pa.C.S. § 6351]?

B. Whether the [] Agency failed to prove by clear and convincing evidence that the best interests of Child would be to remove the Child from the home of Appellant as required by [42 Pa.C.S. § 6351]?

Father's Br. at 5.

We review findings in a dependency case for an abuse of discretion. *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015). This Court is required to accept the findings of fact and credibility determinations of the trial court if the record supports them, but not required to accept the lower court's inferences or conclusions of law. *Id.* "The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *Interest of T.G.*, 208 A.3d 487, 490 (Pa. Super. 2019) (citation omitted), *appeal denied*, 211 A.3d 750 (Pa. 2019). Notably, "we are not in a position to reweigh the evidence and the credibility determinations of the trial court." *In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010).

To adjudicate a child dependent, a trial court must determine by clear and convincing evidence that the child, *inter alia*, "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals."

*In re A.B.*, 63 A.3d 345, 349 (Pa. Super. 2013) (citing 42 Pa.C.S. § 6302). Once a court finds a child to be dependent, the court can order a disposition best suited to the safety, protection and physical, mental and moral welfare of the child, including permitting the child to remain with his parents or transferring temporary legal custody to an agency authorized by law to care for the child. 42 Pa.C.S. § 6351(a).

In his Brief, Father argues that the Agency put forth "unsubstantiated hearsay evidence" to demonstrate that Child was without proper parental control and, therefore, failed to meet its clear and convincing evidentiary burden. Father's Br. at 17. Father maintains that he engaged in mental health therapy in the months leading up to Child's adjudication of dependency, which remedied the conditions that necessitated Child's removal from his home, namely Father's emotional abuse. *Id*. at 18. Father argues that if he had been given the opportunity to testify, he would have been able to demonstrate this. *Id*. at 19, 20. Father's issues are waived.

It is axiomatic that claims that are not raised in the trial court cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). A party must make a timely and specific objection to error at the appropriate stage of the proceedings before the trial court to preserve an issue for appellate review. *In re J.A.*, 107 A.3d 799, 820 (Pa. Super. 2015). Failure to timely object will result in waiver of that issue. *Id*. This Court "will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." *Id*. (citation omitted).

- 4 -

Instantly, during the adjudicatory hearing, Father agreed to Child's adjudication of dependency and with the Agency's recommendation that Child remain placed in foster care. Moreover, Father's counsel failed to object to Ms. Marshall's testimony based on hearsay or any other grounds and informed the court that Father did not wish to present any contradicting testimony or evidence. Accordingly, Father has failed to preserve any of the issues he raises in his Brief for our review, and we find them to be waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2021